[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties in the above captioned matter entered an agreement regarding various pendente lite orders. The parties, however, could not reach an agreement as to the amount of child support mandated by the guidelines. Following a hearing the court ordered that pursuant to the guidelines the plaintiff would be required to pay the defendant $171.00 per week. Based on the evidence produced during the hearing, this court also concluded that the plaintiff should not be ordered to have his wages withheld for child support vis a vis the recently enacted automatic wage withholding statute, Public Act No. 99-193. For the following reasons, this court holds that the plaintiff should be allowed to continue to pay child support directly to the defendant or to her attorney.
The legislature recently passed Public Act No. 99-193. Pursuant to that public act:
 "[t]he court shall order the withholding [for child support] to be effective immediately . . . Any finding that there is cause not CT Page 14229 to order withholding to be effective immediately shall be based on at least (1) a written determination that, and explanation by the court . . . of why implementing immediate income withholding would not be in the best interests of the child . . ."
Absent guidance as to how to apply this new law, this court deems that the determination necessary requires a consideration of the surrounding circumstances; the history of the parties; and the interests of the parties and the child. In weighing these factors, this court finds that the plaintiff has been voluntarily paying child support in an amount roughly equal to that required by the guidelines. Additionally, these payments were timely made. Although there does appear to be a history of contention and animosity between the parties which might incline one to doubt their receptivity to cooperative endeavors, in matters involving his voluntarily assumed financial obligations, the plaintiff has evidenced that he is responsible and reliable notwithstanding the personal discord between the parties. Further, this court deems that having made the payments in the past, on a timely basis, it is in the best interest of the minor child to continue these payments in this fashion, thus assuring that the minor child will be receiving the money in the most expeditious and efficient manner.
For these reasons, this court does not order the immediate wage withholding. Rather, this court orders, that the plaintiff continue to make child support payments (in the amount stated above) directly to the defendant or to her counsel.
ROBINSON, J.